# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| DeAnna N. Lowder, Mother of Jeffery "Todd" Kinkaid, Deceased, | )<br>)<br>) |
| Plaintiff, | ) Case No: 4:14-cv-17<br>) |
| vs. | )<br>) **REPORT AND RECOMMENDATION** |
| Slawson Exploration Company, Inc., a Kansas Corporation, John Does 1-4, and Baker Hughes Oilfield Operations, Inc., | )<br>)<br>)<br>) |
| Defendants. | ) |

Defendant Baker Hughes Oilfield Operations, Inc. ("BHOO") filed a motion to dismiss for failure to state a claim.[1] (Doc. #15). In light of the subsequent amendment to the complaint, the court will construe BHOO's motion to dismiss as applying to the second amended complaint. BHOO requests the court dismiss plaintiff DeAnna N. Lowder's ("Lowder") strict liability claim because she has failed to state a claim upon which relief can be granted under North Dakota state law. (Doc. #16, Doc. #29). Lowder opposes BHOO's motion to dismiss, alleging the strict liability claim is valid or alternatively, requesting the court certify the issue of strict liability to the North Dakota State Supreme Court for resolution. (Doc. #24).

**Factual Background**

Lowder is the surviving mother of Jeffery "Todd" Kinkaid ("Kinkaid"), deceased, and a court appointed Personal Representative of Kinkaid's estate. (Doc. #27, Doc. #27-1, Doc. #27-

---

[1] Originally, BHOO requested the court dismiss Lowder's survival damages claim in addition to her strict liability claim because she lacked standing. (Doc. #16, Doc. #29). Lowder filed a motion for leave to file a second amended complaint requesting to assert Lowder's capacity as personal representative of her deceased son, Jeffrey "Todd" Kinkaid's estate, thus establishing standing. (Doc. #26). The court granted Lowder's unopposed motion for leave to file a second amended complaint. (Doc. #33).

3). Lowder alleges Kinkaid died on September 14, 2012, as a result of injuries he sustained from an oilfield explosion and fire. (Doc. #27-1). Kinkaid was employed by Frontier Drilling at the time of his injuries. (Doc. #18, Doc. #27-1). According to defendant Slawson Exploration Company, Inc. ("Slawson"), it was the operator of the oil and gas well being drilled at the time Kinkaid was injured. (Doc. #18). Lowder contends defendant Baker Hughes Oilfield Operations, Inc. ("BHOO") supplied to Slawson the recycled mud and invert mud tanks relevant to the incident. (Doc. #27-1). Lowder alleges Slawson knew the recycled mud BHOO allegedly provided to Slawson was likely contaminated with hydrocarbons, a highly combustible substance, and failed to treat the contaminated mud to remove the hydrocarbons or to ground the tanks to reduce risk of static and flash explosion. Id. Lowder alleges *inter alia* Slawson and BHOO are strictly liable for Kinkaid's injuries and wrongful death because:

> Defendants were operating on an extra-hazardous property. Working on and around the tank was an extra-hazardous activity. As a consequence, in operating an extra hazardous property and in requiring performance of an extra-hazardous activity, Defendants had an absolute duty to strictly assure that Todd was not injured in any fashion.

Id. BHOO asserts North Dakota has not recognized strict liability for extra-hazardous activity as a viable cause of action and therefore Lowder's claim fails. (Doc. #29).

## Legal Analysis

### 1. Certification to the North Dakota Supreme Court

Lowder requests the court certify to the North Dakota Supreme Court the question of whether strict liability for extra-hazardous activities is a viable cause of action under North Dakota state law. (Doc. #24). BHOO objects to Lowder's request for certification, contending judicial precedent clearly establishes North Dakota does not recognize such a cause of action and

2

therefore certification is unnecessary and would result in unreasonable delay. (Doc. #29). Under N.D.R.App.P. 47, this court may certify questions of law to the North Dakota Supreme Court when the following conditions are met: "(1) questions of law of this state are involved in any proceeding before the certifying court which may be determinative of the proceeding; (2) it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state." N.D.R.App.P. 47(a). As will be discussed below, certification to the North Dakota Supreme Court is not justified in this case.

**2. Strict Liability in North Dakota**

Lowder alleges in count II a claim of strict liability for extra-hazardous activity and operating on extra-hazardous property pursuant to Restatement of Torts 2d §§ 519 and 520. (Doc. #24, Doc. #27-1). She further contends the North Dakota Supreme Court's holding in Wirth v. Mayrath Indus., Inc., that strict liability was "inapplicable *to this case*" demonstrates judicial receptiveness to the applicability of strict liability in other cases. *See* Wirth v. Mayrath Indus., Inc., 278 N.W. 2d 789, 794 (N.D. 1979) (emphasis added) (the nature of the activity in this case involved the maintenance of an uninsulated high voltage transmission line). This court, however, has rejected causes of action based on strict liability for extra-hazardous activity. *See, e.g.*, Mehl v. Canadian Pacific Ry., Ltd., 417 F Supp. 2d 1104, 1118 (D.N.D. 2006) ("The North Dakota Supreme Court has given no indication that it would adopt strict liability for ultrahazardous or abnormally dangerous activities . . . ."); Armes v Petro-Hunt, LLC, 2012 WL 1493740 (D.N.D. Apr. 27, 2012) ("[T]he North Dakota Supreme Court has yet to hold that strict liability for abnormally dangerous conditions is a viable cause of action in North Dakota."); Branum v. Petro-Hunt Corp., 2010 WL 1977963 (D.N.D. Mar. 15, 2010) ("North Dakota has not

3

. . . adopted a claim premised upon abnormally dangerous activity."). Even if North Dakota did recognize this cause of action, it is doubtful the activity of providing mud for oil drilling operations would qualify as being extra-hazardous or abnormally dangerous. *See*, Branum, 2010 WL 1977963, at 5 n.1 (The court stated in dicta, "All of this [strict liability discussion] may be academic since it appears doubtful that the activity in this case was 'abnormally' dangerous given the prevalence of oil-well drilling and the use of enhanced recovery techniques, even if dangerous, and the importance of oil and gas as an energy source.") (Report and Recommendation of Magistrate Judge Miller, adopted by District Judge Hovland). Since the State of North Dakota has not recognized a strict liability claim for extra-hazardous activity in the thirty-five years since Wirth was published, Lowder's request to have this court certify the question is unpersuasive.

## Conclusion

Lowder fails to state a claim upon which relief can be granted and certification to the North Dakota Supreme Court is not justified. It is **RECOMMENDED** BHOO's motion to dismiss the survival claim (Doc. #15) be deemed **MOOT**, BHOO's motion to dismiss count II (Doc. #15) be **GRANTED** and plaintiff's request to certify question of law (Doc. #24) be **DENIED**.

Dated this 31st day of July, 2014.

                                                    /s/ *Karen K. Klein*
                                                    Karen K. Klein
                                                    United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than August 18, 2014, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.